UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST UNITED METHODIST CHURCH OF HOUMA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-610** |
| **UNDERWRITERS AT LLOYDS OF LONDON ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendants' Motion to Compel Arbitration (Doc. 9). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

This case arises out of an insurance contract dispute following Hurricane Ida. Plaintiff First United Methodist Church of Houma alleges that Defendants StarStone Specialty Insurance Company and Certain Underwriters at Lloyd's, London Subscribing to Policy No. AMAA0002777 (collectively "Defendants") issued a policy of surplus lines insurance to Plaintiff that is alleged to cover the damage. Defendants jointly subscribe to Policy No. AMAA0002777 ("the Policy"), which provides commercial property insurance to Plaintiff for two buildings located at 193 Lake Long Drive in Houma, Louisiana; and 158 Evangeline Heights Street in Houma Louisiana. Plaintiff asserts breach of contract claims and entitlement to bad faith damages under

1

Louisiana Revised Statutes §§ 22:1892 and 22:1973 for Defendant's alleged failure to adequately compensate it for its losses covered under the Policy.

On May 31, 2022, Plaintiff filed suit in the 32nd Judicial District Court for the Parish of Terrebonne. On February 16, 2023, the case was removed to this Court. Now before this Court is Defendants' Motion to Compel Arbitration and Stay Litigation. Defendants request this Court to order arbitration and stay Plaintiff's claims pursuant to a valid and enforceable arbitration clause in the Policy. Plaintiff opposes.[1]

## LEGAL STANDARD

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") governs the recognition and enforcement of arbitration agreements between citizens of nations that are signatories to the Convention.[2] The United States joined the Convention in 1970, with a goal to "encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[3] The Convention is implemented by the Federal

---

[1] Doc. 11.
[2] *See* Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co., 767 F.2d 1140, 1144 (5th Cir. 1985).
[3] Authenment v. Ingram Barge Co., 878 F. Supp. 2d 672, 676 (E.D. La. 2012) (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 520 n.15 (1974)); Todd Steamship Mut. Underwriting Ass'n (Bermuda) Ltd., 601 F.3d 329, 332 n.4 (5th Cir. 2010). Where applicable, the Convention supersedes state law. *See* McDonnel Grp., LLC v. Great Lakes Ins. Se., 923 F.3d 427, 431–32 (5th Cir. 2019); Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 366 (4th Cir. 2012).

Arbitration Act (FAA), which provides for enforcement in United States courts.[4]

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry."[5] Courts "should compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen."[6] If these four requirements are met, "arbitration agreements and clauses are to be enforced unless they are invalid under principles of state law that govern all contracts."[7]

Alternatively, Defendants request that this Court order arbitration pursuant to the Federal Arbitration Act ("FAA").[8] The FAA broadly applies to any written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction."[9] A two-step analysis governs whether parties should be compelled to arbitrate a dispute.[10] The Court must first determine whether the parties agreed to arbitrate the dispute.[11] This determination involves two separate inquiries: (1) whether there is a valid agreement to arbitrate between

---

[4] 9 U.S.C. §§ 201–208.
[5] Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 339 (5th Cir. 2004).
[6] Francisco v. Stolt Achievement MT, 293 F.3d 270, 273 (5th Cir. 2002) (citing *Sedco*, 767 F.2d at 1144–45).
[7] Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC, 379 F.3d 159, 166 (5th Cir. 2004). Thus, the Court must enforce the arbitration clause "unless it finds that the said agreement is null and void, inoperative or incapable of being performed." *Freudensprung*, 379 F.3d at 339 (citing *Sedco*, 767 F.2d at 1146).
[8] 9 U.S.C. § 1 *et seq.*
[9] Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).
[10] JP Morgan Chase & Co. v. Conegie *ex rel.* Lee, 492 F.3d 596, 598 (5th Cir. 2007).
[11] Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004).

the parties, and if so, (2) whether the dispute in question falls within the scope of that agreement.[12] Both inquiries are generally guided by ordinary principles of state contract law.[13] The strong public policy favoring arbitration applies "when addressing ambiguities regarding whether a question falls within an arbitration agreement's scope," but it does not apply "when determining whether a valid agreement exists."[14] If the Court finds the parties agreed to arbitrate, it must then proceed to the second step of the analysis and consider whether any federal statute or policy renders the claims non-arbitrable.[15]

"Nevertheless, the right to arbitration, like any contractual right, may be waived."[16] The Supreme Court has held that waiver "is the intentional relinquishment of a known right."[17] "Waiver of arbitration is not a favored finding, and there is a presumption against it."[18] The party seeking to show waiver bears the heavy burden of proof.[19]

## LAW AND ANALYSIS

Defendants assert that all requirements for application of the Convention are met. Plaintiff fails to contest applicability of the Convention or FAA in this case, but instead, responds that Defendants have waived their

---

[12] Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008).
[13] *See* First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1985).
[14] *Sherer*, 548 F.3d at 381.
[15] Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir. 2002).
[16] Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1158 (5th Cir. 1986).
[17] United States v. Olano, 507 U.S. 725, 733 (1993); Morgan v. Sundance, 142 S. Ct. 1708, 1714 (2022) (holding that as the "federal rule of waiver does not include a prejudice requirement . . . [s]ection 6 instructs that prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation to compel arbitration under the FAA").
[18] *Id.*
[19] Broussard v. First Tower Loan, LLC, 150 F. Supp. 3d 709, 725 (E.D. La. 2015).

rights to invoke arbitration. This Court now considers Plaintiff's arguments as to waiver.

Courts must determine what constitutes substantial invocation of the judicial process on a case-by-case basis.[20] "To invoke the judicial process, a party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration."[21] "The burden on one seeking to prove a waiver of arbitration is a heavy one."[22] Moreover, as a matter of federal law, any doubts concerning the scope of arbitrable issues, such as an allegation of waiver, should be resolved in favor of arbitration.[23]

Plaintiff argues that the following acts amount to a waiver of Defendants' right to arbitrate: "admitting" venue and jurisdiction were proper in Defendants' answer; raising affirmative defenses yet not raising the issue of arbitration; conducting discovery and providing initial disclosures;[24] participating in a joint mediation with Plaintiff; and the passage of significant time since Plaintiff filed its petition in state court. Even accepting Plaintiff's contentions as true, the Court finds that these actions do not evince a desire to resolve the dispute through litigation rather than arbitration.

Defendants first invoked their right to arbitrate this dispute in a demand letter dated December 21, 2022.[25] The case was removed to this Court on February 16, 2023, and Defendants filed their motion to compel arbitration on

---

[20] Ryan v. Thunder Restorations, Inc., No. 09-3261, 2011 WL 2680482, at *5 (E.D. La. July 8, 2011).
[21] Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd., 575 F.2d 476, 480 (5th Cir. 2009) (citations and internal quotation marks omitted).
[22] Sibley v. Tandy Corp., 543 F.2d 540, 542 (5th Cir. 1976).
[23] *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24.
[24] Defendants dispute whether this has occurred. Doc. 16 at 2.
[25] Doc. 1-4.

September 21, 2023.[26] While Defendants waited more than seven months before moving this Court to stay judicial proceedings and compel arbitration, this does not support a conclusion that Defendants "substantially utilized the legal process before moving for a stay."[27] Even so, the parties were subject to the Streamlined Settlement Program during this seven-month period, which stays various discovery and requires mediation.[28] The Court also notes that Plaintiff has also invoked arbitration and appointed an arbitrator for this dispute.[29] Courts in similar circumstances have allowed for longer delays and more participation in litigation without finding waiver of the right to arbitrate.[30] Accordingly, this Court finds that Plaintiff has not carried its heavy burden to prove that Defendants waived their rights to arbitrate.

---

[26] Defendants brought the arbitration clause to the Court's attention in their Notice of Removal.

[27] *See* Tenneco Resins, Inc. v. Davy Int'l, AG, 770 F.2d 416, 420–21 (5th Cir. 1985) (discussing whether a party substantially invoked the judicial process).

[28] Docs. 4 & 8. Plaintiff argues that engaging in mediation and participating in this Court's Streamlined Settlement Program result in waiver of arbitration rights, but Plaintiff fails to cite any case supporting these arguments. Moreover, these attempts at alternative dispute resolution do not "evince[] a desire to resolve the arbitrable dispute through *litigation*." *See Petroleum Pipe Ams. Corp.*, 575 F.2d at 480 (emphasis added).

[29] *See* Doc. 9-2. In its letter invoking arbitration and appointing an arbitrator, Plaintiff also "reserve[d] any and all arguments regarding the lack of enforceability and/or scope of these provisions." Doc. 9-2. Plaintiff, however, fails to raise any such arguments regarding enforceability or scope in its opposition memorandum. *See* Doc. 11.

[30] *See Tenneco Resins*, 770 F.2d 416 (holding that a party did not waive its right to move for a stay pending arbitration when it waited eight months to invoke its right to arbitration and participated in discovery by answering interrogatories, moving for a protective order, and requesting document production in the interim); Walker v. J.C. Bradford & Co., 938 F.2d 575, 578 (5th Cir. 1991) (holding that where a party invoked arbitration thirteen months after suit was filed and engaged in discovery "its actions in federal court were not so substantial as to . . . overcome the legal presumption that parties who contracted for arbitration should be allowed to arbitrate"). *See also* AJ's Shoes Outlet, LLC v. Indep. Specialty Ins. Co., No 22-1148, 2023 WL 358779, at *3 (E.D. La. Jan. 23, 2023) (holding that defendants did not waive their arbitration rights by waiting six months after removal to move for arbitration and participating in initial discovery).

6

Because Plaintiff fails to contest applicability of the Convention in this case and there has been no suggestion that the "agreement is null and void, inoperative or incapable of being performed," the Court must order arbitration. Defendants have asked the Court to stay this matter pending arbitration. Pursuant to 9 U.S.C. § 3, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Accordingly, this matter must be stayed pending resolution of the arbitration proceedings.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED**. **IT IS ORDERED** that the matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the resolution of the arbitration proceedings.

New Orleans, Louisiana this 7th day of February, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**